IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 41750

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

WILLIAM FRANKLIN WOLFE,

    Defendant-Appellant.

Twin Falls, November 2014

2015 Opinion No. 18

Filed: February 17, 2015

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Michael James Griffin, District Judge.

District court decision on motion to correct illegal sentence and Rule 35 motion, affirmed.

Sara Thomas, Idaho Appellate Public Defender, Boise, for appellant. Justin M. Curtis, Deputy Idaho Appellate Public Defender, argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise for respondent. Kenneth K. Jorgensen, Deputy Attorney General, argued.

_____

BURDICK, Chief Justice

This case comes to the Idaho Supreme Court via a petition for review of a Court of Appeals decision. William Franklin Wolfe appealed the Idaho County district court's decisions denying (1) his motion for a hearing on his motion for reconsideration of his I.C.R. 35 motion to correct an illegal sentence; and (2) his successive Rule 35 motion to correct an illegal sentence. Specifically, Wolfe argues the district court denied his motions based on two erroneous conclusions: that the subject matter jurisdiction issue had been previously adjudicated and that Wolfe could not file a successive Rule 35 motion. Wolfe asserts that if the district court had properly considered the merits of his motions, the district court would have found it lacked subject matter jurisdiction over Wolfe's original criminal proceedings. Accordingly, Wolfe asks this Court to vacate his judgment of conviction and sentence, or alternatively, to remand the case for an evidentiary hearing. We affirm the district court's decisions denying Wolfe's motion for a hearing and his successive Rule 35 motion alleging an illegal sentence.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Wolfe is serving a fixed life sentence for first degree murder after a jury found him guilty in 1982. Years later, Wolfe learned the state district court may have lacked subject matter jurisdiction over the charged offense because it occurred on tribal grounds and there was evidence the victim was "Indian" as defined under federal law for purposes of determining federal jurisdiction.

On December 2, 2004, Wolfe filed a pro se Rule 35 motion to correct an illegal sentence, alleging that the Idaho courts lacked subject matter jurisdiction over the underlying criminal proceedings. Wolfe argued that the federal courts had exclusive jurisdiction over the proceedings because the crime occurred on tribal lands and because the victim was Native American. The district court summarily denied the motion as untimely on December 14, 2004. Within fourteen days of the denial, Wolfe filed a motion to reconsider the decision and an affidavit in support of that motion.

While the motion for reconsideration was pending, Wolfe filed a second successive petition for post-conviction relief on February 11, 2005.[1] In the second successive petition, Wolfe alleged a claim of ineffective assistance of prior post-conviction counsel based on counsel's failure to raise the claim of lack of subject matter jurisdiction. The district court found the subject matter jurisdiction issue had merit and requested further briefing on the matter. The court ordered the second successive petition for post-conviction relief to be filed as a separate civil case along with the Rule 35 pleadings and related court documents.

On October 26, 2006, after reviewing the parties' extensive briefing on the subject matter jurisdiction issue, the district court issued its Memorandum Decision and Order advising the

---

[1] Wolfe filed his second successive petition for post-conviction relief approximately twenty-three years after his conviction. Wolfe took several actions leading up to this petition. First, Wolfe directly appealed his judgment of conviction and sentence, which the Court of Appeals affirmed in *State v. Wolfe*, 107 Idaho 676, 691 P.2d 1291 (Ct. App. 1984). While that appeal was pending, Wolfe filed a pro se petition for post-conviction relief and, during a hearing on that petition, made an oral Rule 35 motion for reduction of his sentence. The district court waited until disposition of the direct appeal before denying the petition and the motion. Wolfe then appealed the district court's denial of his petition and motion. Soon thereafter, Wolfe filed a successive pro se petition for post-conviction relief. The district court denied the successive petition, and again, Wolfe appealed. The two appeals were consolidated for review. The denial of the Rule 35 motion for a reduction of sentence was not included as an issue on appeal. As to the post-conviction petitions, the Court of Appeals vacated the district court's orders denying each and remanded the case for further proceedings. *Wolfe v. State*, 113 Idaho 337, 743 P.2d 990 (Ct. App. 1987). On remand, Wolfe had an evidentiary hearing, after which the district court denied relief. Wolfe appealed that denial and the Court of Appeals affirmed. *Wolfe v. State*, 117 Idaho 645, 791 P.2d 26 (Ct. App. 1990). After that decision, Wolfe did not take any action in his case until December 2, 2004, when he filed his first pro se Rule 35 motion alleging an illegal sentence, and then his second successive petition for post-conviction relief.

2

parties that the court intended to dismiss Wolfe's claims as being untimely. In that Order, the district court stated that there was a genuine issue of whether the court had subject matter jurisdiction, but ultimately held that interest in finality of judgments trumped jurisdiction. The district court did not explicitly rule on the motion for reconsideration of the Rule 35 denial. On January 4, 2006, the district court entered its Order dismissing Wolfe's civil case based on the reasons it set forth in its October 26, 2006 Memorandum Decision and Order. Wolfe did not appeal this dismissal.

On April 25, 2011, relying on *State v. Lute*, 150 Idaho 837, 252 P.3d 1255 (2011), Wolfe moved the district court for a hearing on his motion for reconsideration of his 2004 Rule 35 motion (hereinafter "motion for a hearing"). Wolfe argued the district court erred when it denied his initial Rule 35 motion to correct an illegal sentence on the basis it was untimely because *Lute* made clear that the court can correct an illegal sentence at any time. On April 29, 2011, the district court denied Wolfe's motion for a hearing, finding Wolfe had already had a hearing on the issue.[2] Wolfe appealed this decision on June 5, 2011.

On June 17, 2011, Wolfe filed a successive Rule 35 motion to correct an illegal sentence, again asserting a lack of subject matter jurisdiction over the original charge. The district court denied the successive Rule 35 motion on June 22, 2011. The district court's only reason for the denial was that Wolfe was permitted to file only one Rule 35 motion alleging an illegal sentence. Wolfe then filed an amended notice of appeal on August 16, 2011, challenging both the denial of his motion for a hearing and the denial of his successive Rule 35 motion.

The Idaho Court of Appeals affirmed the district court's decisions, noting that although Wolfe presented compelling evidence regarding the subject matter jurisdiction issue, the challenges to Idaho's subject matter jurisdiction were either untimely, abandoned, or barred by res judicata. As to the motion for a hearing, the Court of Appeals held that Wolfe abandoned the motion when he failed to pursue it for nearly five years. Consequently, the Court of Appeals affirmed the district court's order denying Wolfe's motion for a hearing. As to Wolfe's

---

[2] Specifically, the court held that it fully addressed all issues Wolfe raised in both his motion for relief pursuant to Rule 35 and his petition for post-conviction relief in its Memorandum Decision and Order of October 26, 2006. Further, it held that the court's December 21, 2006 Order dismissed all claims for relief, including his claim that Idaho courts lacked subject matter jurisdiction. However, the district court did not mention Wolfe's motion for reconsideration of his Rule 35 motion in its October 26, 2006 Memorandum Decision and Order. Presumably, because the district court addressed the subject matter jurisdiction issue as it pertained to Wolfe's petition for post-conviction relief, the court relied on that analysis in holding that Wolfe had a hearing on his motion for reconsideration.

3

successive motion to correct an illegal sentence, the Court of Appeals affirmed the district court's denial, holding that res judicata barred Wolfe from re-litigating whether the district court lacked subject matter jurisdiction over his charged offense. Wolfe subsequently filed a petition for review, which this Court granted.

## II.    ISSUES ON APPEAL

1. Whether the district court erred when it denied Wolfe's motion for a hearing.
2. Whether the district court erred when it denied Wolfe's subsequent Rule 35 motion alleging an illegal sentence.

## III.    STANDARD OF REVIEW

When a case comes before this Court on a petition for review from a Court of Appeals decision, this Court gives serious consideration to the Court of Appeals' views, but directly reviews the lower court's decision. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010).

"A question of jurisdiction is fundamental; it cannot be ignored when brought to our attention and should be addressed prior to considering the merits of an appeal." *State v. Kavajecz*, 139 Idaho 482, 483, 80 P.3d 1083, 1084 (2003) (quoting *H & V Eng'g, Inc. v. Idaho State Bd. of Prof'l Eng'r and Land Surveyors*, 113 Idaho 646, 648, 747 P.2d 55, 57 (1987)). Whether a trial court had subject matter jurisdiction over a proceeding is an issue of law that this Court reviews de novo. *State v. Lute*, 150 Idaho 837, 839, 252 P.3d 1255, 1257 (2011).

## IV.    ANALYSIS

This case hinges on whether procedural bars apply to claims alleging a district court's lack of subject matter jurisdiction over criminal proceedings. As a preliminary matter, we must determine whether this Court has appellate jurisdiction over Wolfe's claims. Once it is established that we have appellate jurisdiction to consider Wolfe's claims, we must determine whether the district court erred when it dismissed Wolfe's motion for a hearing and his successive Rule 35 motion to correct an illegal sentence.

### A. This Court has jurisdiction over Wolfe's subject matter jurisdiction claims.

The State argues that this Court lacks appellate jurisdiction to review the merits of the 2006 order denying Wolfe's claim of lack of jurisdiction because Wolfe did not timely appeal from that order. Specifically, the State contends that the only order Wolfe timely appealed from was the April 2011 order denying Wolfe a hearing on his Rule 35 motion. Therefore, the State

4

contends this Court's review is limited to whether the district court erred in denying Wolfe's motion for a hearing: it cannot consider the merits of Wolfe's subject matter jurisdiction claim.

This Court must have appellate jurisdiction over a claim before it can reach the claim's merits. *See Martin v. Soden*, 80 Idaho 416, 419, 332 P.2d 482, 483 (1958) ("The filing of the notice of appeal . . . [is] jurisdictional. In the absence of compliance with the provisions of the code, this Court has no jurisdiction to entertain the appeal."). Thus, the question of this Court's jurisdiction comes before all other questions, which includes the district court's subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

Any appeal as a matter of right from the district court must be filed within forty-two days of the judgment. I.A.R. 14(a). A timely appeal is necessary to vest jurisdiction in this Court to review issues raised with respect to the district court's actions. *Dunlap v. Cassia Mem'l Hosp. & Med. Ctr.*, 134 Idaho 233, 235, 999 P.2d 888, 890 (2000) (appeal timely from later order did not confer jurisdiction on a prior appealable order from which no timely appeal was taken).

Wolfe timely appealed from the district court's order denying his motion for a hearing. That timely notice of appeal conferred jurisdiction on this Court over that claim. However, we agree with the State that our review of that issue is limited to whether the district court erred when it denied Wolfe's motion for a hearing. Wolfe's timely notice of appeal was subsequently amended to include the denial of Wolfe's successive Rule 35 motion. Therefore, this Court has jurisdiction to review that claim as well. *See* I.A.R. 17(m). We will address each issue in turn.

**B. The district court did not err when it denied Wolfe's motion for a hearing.**

Wolfe argues that the district court erred when it denied his motion for a hearing on his 2004 motion for reconsideration. Specifically, Wolfe asserts the district court erred when it held that it fully addressed his subject matter jurisdiction claim in its October 26, 2006 memorandum decision and order and that consequently, Wolfe was not entitled to a hearing on the issue.

The district court denied Wolfe's motion for a hearing "on the grounds and for the reasons that he has already had a hearing on that Motion and it was Denied." The district court reasoned that in its October 26, 2006 memorandum decision and order, the district court fully addressed all issues Wolfe raised in both his Rule 35 motion for relief and his petition for post-

5

conviction relief. The district court went on to state that the court's order dismissed all of Wolfe's claims, including his subject matter jurisdiction claim. For the reasons discussed below, we conclude the district court did not err when it denied Wolfe's motion for a hearing.

Wolfe filed his first Rule 35 motion alleging an illegal sentence on December 2, 2004, claiming his conviction was unlawful because the district court did not have subject matter jurisdiction over the murder of a Native American on a reservation. The district court summarily dismissed Wolfe's Rule 35 motion on December 14, 2004. Wolfe filed a timely motion for reconsideration of that order on December 27, 2004. On February 25, 2005, while his motion for reconsideration was pending, Wolfe filed a petition for post-conviction relief claiming ineffective assistance of counsel for failing to raise the subject matter jurisdiction issue in Wolfe's first petition for post-conviction relief. The district court determined the issue of subject matter jurisdiction had merit and wanted the parties to fully brief and argue the issue before the court made a decision. Consequently, the district court required the parties to submit additional briefing on the issue, with oral argument to follow.

In an order filed May 31, 2005, the district court ordered Wolfe's motion for reconsideration and his petition for post-conviction relief to be decided in one civil case. Therefore, the district court had Wolfe's motion for reconsideration before it at that time. The parties submitted extensive briefing, documents, and other evidence on the subject matter jurisdiction issue. However, it is unclear from the record whether the court held a hearing on Wolfe's motion for reconsideration. In any event, Wolfe did not request oral argument on his motion for reconsideration and I.R.C.P. 7(b)(3)(D) states that oral argument on a motion is not required and entirely within the trial court's discretion. Therefore, even if the district court did not hold a hearing on Wolfe's motion for reconsideration, the district court had the discretion to make that decision.

After reviewing the parties' briefs, the district court issued its October 26, 2006 memorandum decision and order. In that decision, the district court determined that Wolfe's petition for post-conviction relief must be dismissed as untimely. In its analysis, the district court addressed the subject matter jurisdiction issue but ultimately concluded that the interest in finality of judgments trumped jurisdiction. We recognize that the October 26, 2006 memorandum decision and order did not expressly rule on Wolfe's motion for reconsideration. However, the issue was before the district court and this Court applies a presumption of

6

regularity and validity to judgments. *See Burge v. State*, 90 Idaho 473, 478, 413 P.2d 451, 454 (1966); *State v. Mason*, 102 Idaho 866, 869, 643 P.2d 78, 81 (1982) (holding a presumption of regularity attaches to the trial court's actions); *State v. Mundell*, 66 Idaho 297, 304, 316, 158 P.2d 818, 820, 825 (1945) (stating that in the absence of any positive showing as to what actually occurred, a presumption must be indulged in favor of the trial court's action, and that "[a]s a general rule the appellate court, in the absence of a showing in the record to the contrary, will indulge all reasonable presumptions in favor of the correctness of the judgment or rulings of the trial court, and will presume that the proceedings had in the progress of the cause were regular and free from error."); *see also Parke v. Raley*, 506 U.S. 20, 29 (1992) (recognizing that there is a presumption of regularity that attaches to final judgments from state court proceedings). Therefore, we presume that the district court considered Wolfe's motion for reconsideration when it issued its October 26, 2006 memorandum decision and order.

Furthermore, we have held that where a district court fails to rule on a motion, we presume the district court denied the motion. *See, e.g.*, *Sales v. Peabody*, 157 Idaho 195, ___, 335 P.3d 40, 47 (2014); *see also United States v. Claxton*, 766 F.3d 280, 291 (3d Cir. 2014) (noting that several federal circuit courts of appeals treat a district court's failure to rule on an outstanding motion as an implicit denial of that motion); *United States v. Jasso*, 634 F.3d 305, 307 n. 2 (5th Cir. 2011) (treating a district court's failure to rule on a motion for reconsideration as an implicit denial based on the entry of a final judgment); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) ("The denial of a motion by the district court, although not formally expressed, may be *implied* by the entry of a final judgment or of an order inconsistent with the granting of the relief sought by the motion."). Therefore, although the district court did not explicitly rule on Wolfe's motion for reconsideration, we presume the district court denied that motion. That presumption becomes a conclusion once we consider the district court's January 4, 2007 order of dismissal. That order dismissed Wolfe's entire civil case, which included both Wolfe's petition for post-conviction relief and his motion for reconsideration. Thus, the January 4, 2007 order of dismissal effectively denied Wolfe's motion for reconsideration.[3]

---

[3] Even if we did not presume the district court denied Wolfe's motion for reconsideration, Wolfe abandoned that motion by not pursuing it for nearly five years after the court issued its order dismissing Wolfe's claims. Wolfe had the burden to pursue the motion for reconsideration in the event the district court failed to rule on it. Because he failed to pursue the motion for nearly five years, Wolfe abandoned the motion. *See Worthington v. Thomas*, 134 Idaho 433, 437, 4 P.3d 545, 549 (2000) (holding a motion to modify a judgment was abandoned after the party failed to pursue it for seven years). This conclusion is consistent with other jurisdictions. *See e.g.*, *Rea v. Ruff*, 580

Because the January 2, 2007 order dismissed Wolfe's entire civil case, the appropriate avenue to correct any perceived deficiencies was to appeal. Under I.A.R. 14(a), a party has 42 days to file a notice of appeal from a final judgment. Wolfe did not file a timely notice of appeal as to the district court's January 2, 2007 order. Because Wolfe did not file an appeal within 42 days of that order, the district court did not have jurisdiction to consider Wolfe's motion for a hearing. Therefore, we hold that the district court did not err when it denied Wolfe's motion for a hearing that was filed nearly five years after the final disposition of his case.

## C. The district court did not err when it denied Wolfe's successive Rule 35 motion alleging an illegal sentence.

Wolfe argues that the district court erred when it denied his successive Rule 35 motion to correct an illegal sentence. Wolfe asserts the district court incorrectly held he was only allowed to file one such motion. Wolfe asserts that there is no limit to the number of Rule 35 motions alleging an illegal sentence an individual may file. The State argues that Rule 35 only allows courts to correct illegalities in a sentence and cannot be used to attack the underlying conviction itself. Furthermore, the State contends that even if Rule 35 were the appropriate mechanism for Wolfe to bring his subject matter jurisdiction claim, Rule 35 does not allow for additional fact-finding and in this case, additional fact finding would be required to determine whether the victim was Native American and whether the crime occurred on a reservation. Finally, the State also argues that res judicata bars Wolfe's subject matter jurisdiction claim.

As a preliminary matter, the district court erred when it concluded that only one Rule 35 motion alleging an illegal sentence is permitted in a case. While Rule 35 provides that a defendant may only file one motion seeking a sentence reduction, there is no such limitation listed for Rule 35 motions alleging an illegal sentence. I.C.R. 35; *see also State v. Lute*, 150 Idaho 837, 838–39, 252 P.3d 1255, 1256–57 (2011) (allowing a defendant to file a second Rule 35 motion alleging an illegal sentence well after the defendant had served his entire sentence). Thus, Wolfe was able to file a second Rule 35 motion to correct an illegal sentence. However,

---

S.W.2d 471, 472 (Ark. 1979) ("The burden is on the party making a motion to obtain a ruling from the court and failure to do so constitutes a waiver of the motion precluding its consideration on appeal."); *Mamula v. People*, 847 P.2d 1135, 1137 (Colo. 1993) ("When the sentencing court fails to act on a timely filed motion for reduction of sentence within a reasonable period of time, it then becomes the defendant's obligation to make reasonable efforts to secure an expeditious ruling on the motion. *In the absence of any reasonable effort by the defendant to obtain an expeditious ruling, the motion for reduction should be deemed abandoned.*") (emphasis in original).

for the reasons discussed below, Wolfe's underlying substantive claim to his Rule 35 motion alleging an illegal sentence fails because res judicata precludes the issue from being re-litigated.

Res judicata precludes re-litigation of issues that have been previously decided in a final judgment or decision in an action between the same litigants. *State v. Rhoades*, 134 Idaho 862, 863, 11 P.3d 481, 482 (2000). Indeed, under res judicata, a valid final judgment rendered on the merits is an absolute bar to a subsequent action between the same parties on the same claim. *Hindmarsh v. Mock*, 138 Idaho 92, 94, 57 P.3d 803, 805 (2002). We have held that the "sameness" of a claim for res judicata purposes is determined by examining the operative facts underlying the two causes of action. *Diamond v. Farmers Group, Inc.*, 119 Idaho 146, 149, 804 P.2d 319, 322 (1990). "A valid and final judgment rendered in an action extinguishes all claims arising out of the same transaction or series of transactions out of which the cause of action arose." *Id.* at 150, 804 P.2d at 323. Therefore, res judicata's preclusive effect bars "not only subsequent re-litigation of a claim previously asserted, but also subsequent re-litigation of any claims relating to the same cause of action which were actually made or which might have been made" in the first suit. *Hindmarsh*, 138 Idaho at 94, 57 P.3d at 805.

The United States Supreme Court has applied the doctrine of res judicata to subject matter jurisdiction claims. Indeed, as early as 1938, the Supreme Court held that where subject matter jurisdiction was actually litigated, the issue was res judicata and not subject to collateral attack. *See Stoll v. Gottlieb*, 305 U.S. 165 (1938). Similarly, in *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371 (1940), the United States Supreme Court determined that res judicata applies to jurisdiction even when the parties had the opportunity to litigate subject matter jurisdiction but did not. The Supreme Court continued the trend of applying res judicata to questions of subject matter jurisdiction in *Durfee v. Duke*, 375 U.S. 106 (1963). There, the Supreme Court approved of "the general rule that a judgment is entitled to full faith and credit— even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." *Id.* at 111. Furthermore, as one commentator noted, "the general values of res judicata not only apply but may apply with particular force when the only objection is that correct substantive rules have been administered by a fair procedure in a court that simply lacked jurisdiction." 18 Charles W. Wright, et al., *Federal Practice and Procedure*, § 4428 (1981). Moreover, "[t]he principle of finality has its strongest justification where the parties have had

9

full opportunity to litigate a controversy, especially if they have actually contested both the tribunal's jurisdiction and issues concerning the merits." *Restatement (Second) of Judgments* § 12 cmt. a (1982). We are persuaded that res judicata applies to subject matter jurisdiction claims.

This Court has applied res judicata to the context of successive Rule 35 motions that allege the same underlying issues. *Rhoades*, 134 Idaho at 863–64, 11 P.3d 482–83. In *Rhoades*, this Court considered for the first time whether res judicata could be applied to bar a subsequent Rule 35 motion after a defendant failed to appeal an earlier motion based on the same grounds. *Id.* at 863, 11 P.3d at 482. In addressing the issue, this Court looked to *United States v. Kress*, 944 F.2d 155 (3rd Cir. 1991). *Id.* We noted that in *Kress*, the Third Circuit Court of Appeals held that a defendant who failed to appeal from the district court's order denying his initial Rule 35 motion regarding the statutory interest rate was barred by res judicata from re-litigating the same issue two years later in a second Rule 35 motion. *Id.* We further noted that in deciding the case, the Third Circuit was unable to accept the premise that the defendant was "free to bring successive Rule 35 motions on the same issues in the district court, thereby allowing him to bypass the normal rules of appellate procedure, rather than filing a timely appeal from the order responding to his first Rule 35 motion." *Id.* at 863, 11 P.3d at 482 (quoting *Kress*, 944 F.2d at 161). We agreed with the Third Circuit's rationale and held that res judicata could be applied to bar successive Rule 35 motions where the defendant attempts to re-litigate issues already decided in earlier Rule 35 motions. *Id.* That same rationale applies here.

Based on the foregoing law and a review of the record in this case, we conclude that res judicata barred Wolfe's successive Rule 35 motion alleging the district court lacked subject matter jurisdiction over his underlying offense. Wolfe asserted his subject matter jurisdiction claim in both his initial Rule 35 motion alleging an illegal sentence and his second successive petition for post-conviction relief. The district court disposed of each claim on procedural grounds without specifically deciding on the merits of the subject matter jurisdiction issue.

Central to our decision is the fact that the district court had Wolfe's subject matter jurisdiction claim before it on at least two separate occasions and the district court specifically addressed the issue in its October 26, 2006 decision. The district court, after receiving affidavits and proof, determined that the issue had merit and had requested further briefing from the parties. The parties filed extensive briefs on the issue and the district court then issued its October 26, 2006 decision, where it once again acknowledged that the issue had merit.

10

Nonetheless, the district court ultimately concluded that the interest in finality of judgments outweighed the jurisdictional issue and dismissed Wolfe's claims. We recognize that the district court dismissed Wolfe's subject matter claims on procedural grounds, but Wolfe nonetheless had the opportunity to present his arguments and authority on the issue and the district court considered his claims and rendered two final judgments. Even if those procedural grounds were erroneous, Wolfe was entitled to appeal those decisions and bring forward his preserved jurisdictional claim. He failed to do so in a timely manner. Wolfe's failure to appeal or to otherwise pursue his subject matter jurisdiction claim for nearly five years does not change res judicata's preclusive effect.

Foreclosing the subject matter jurisdiction issue is justified in this case because Wolfe had the opportunity to present the issue to the district court no less than three times. The fact remains that the district court heard the issue, received evidentiary facts, had extensive briefing on the issue, and ultimately made a decision. Furthermore, the State and the judicial system have expended substantial time and money to decide the underlying case on the merits. Nothing indicates a lack of fairness at trial or in the result. Indeed, as the district court noted, Wolfe has made several appeals in this case and none of them found the trial unfair or any evidence that Wolfe did not murder the victim. Therefore, based on the foregoing reasoning, we hold that res judicata precludes Wolfe from re-litigating subject matter jurisdiction because Wolfe failed to appeal the district court's two final decisions involving the issue.

We would also like to address Wolfe's arguments concerning *State v. Lute*, 150 Idaho 837, 252 P.3d 1255 (2011), and what he contends that case stands for. Wolfe asserts that *Lute* makes clear that this Court can correct an illegal sentence at any time and that it carves out an exception to the general rule that Rule 35 cannot be used to attack an underlying conviction. Wolfe argues that *Lute* grants jurisdiction to the district court to litigate subject matter jurisdiction claims despite the fact that they depend on significant questions of fact or require an evidentiary hearing. Wolfe argues that his case is nearly indistinguishable from *Lute* and that because the district court lacked subject matter jurisdiction over his underlying case, this Court must follow *Lute* and vacate his conviction. Wolfe's reliance on *Lute* is misplaced.

In *Lute*, the defendant filed a Rule 35 motion to correct an illegal sentence alleging his sentence was invalid because the Idaho Code did not proscribe the crime he pled guilty to and because the district court lacked subject matter jurisdiction and personal jurisdiction because the

11

grand jury's term had expired before it indicted him. *Lute*, 150 Idaho at 838–39; 252 P.3d at 1256–57. The district court denied Lute's motion and the Idaho Court of Appeals affirmed. *Id.* On review, this Court held that the district court never had subject matter jurisdiction over Lute's case. *Id.* at 841, 252 P.3d at 1259. Specifically, this Court noted that "the information, indictment, or complaint alleging an offense was committed within the State of Idaho confers subject matter jurisdiction upon the court," and that because the Idaho Code did not proscribe the crime Lute pled guilty to, there was actually no indictment under the law. *Id.* Because there was no indictment under the law, the court did not have subject matter over the case. *Id.* Furthermore, the Court noted that the group of citizens who issued the purported indictment was not a grand jury because their term had expired. *Id.* Ultimately, this Court held that because a valid indictment was never entered against Lute, the district court did not have subject matter jurisdiction over Lute's case. *Id.* Consequently, this Court reversed the district court's decision and vacated Lute's conviction. *Id.*

This Court has made clear that Rule 35 motions to correct an illegal sentence must be read narrowly and that under Rule 35, a trial court cannot examine the underlying facts of a crime to which a defendant pled guilty to determine if the sentence is illegal. *See State v. Clements*, 148 Idaho 82, 84–87, 218 P.3d 1143, 1145–148 (2009). Moreover, Rule 35's purpose is to allow courts to correct illegal sentences, *not* to reexamine errors occurring at trial or before the imposition of the sentence. *Id.* at 85, 218 P.3d at 1146 (citing *Hill v. United States*, 368 U.S. 424, 430 (1962)). Therefore, we have defined an "illegal sentence" as one that is illegal from the face of the record, does not involve significant questions of fact, and does not require an evidentiary hearing. *Id.* at 86, 218 P.3d at 1147. Because an illegal sentence may be corrected at any time, Rule 35 must necessarily be limited to uphold the finality of judgments. *Id.* We have stated that:

> Rule 35 is not a vehicle designed to re-examine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive.

*Id.* Therefore, we want to clarify that Rule 35 inquiries must involve only questions of law—they may not include significant factual determinations to resolve the merits of a Rule 35 claim. If a district court does inquire and make significant factual determinations, it exceeds its scope of authority under Rule 35. *Id.* at 87–88, 218 P.3d at 1148–49.

12

*Lute* is consistent with this precedent. In *Lute*, it was clear from the face of the judgment that the sentence imposed a penalty that was simply not authorized by law in that the crime Lute was convicted of was not a crime in the state of Idaho. *Lute* did not involve significant questions of fact but rather turned on a question of law. Because it was clear from the face of the judgment that Lute was convicted of something that was not a crime in Idaho, the door was opened for this Court to address the factual issue of the expiration of the grand jury's term. We therefore want to clarify that we based our decision in *Lute* solely on the basis that the indictment alleged a crime that was not recognized under Idaho law, which was clear from the face of the judgment. Therefore, our decision in *Lute* was consistent with our precedent in *Clements*. To the extent our decision discussed the expiration of the grand jury's term, we went too far procedurally in addressing that issue. We want to emphasize that *Lute* must be read narrowly to effectuate the principles enunciated above.

Based on the foregoing analysis, Wolfe's reliance on *Lute* is misplaced. First, *Lute* is distinguishable in that the defendant there had not previously litigated the issue of subject matter jurisdiction. In this case, Wolfe has raised the issue at least twice, the district court entered final judgments on two separate occasions while the issue was before the court, and Wolfe failed to appeal those decisions. Most importantly, however, in *Lute*, it was clear from the face of the judgment that Lute was convicted of something that was not a crime in Idaho, which did not involve a significant question of fact. This case on the other hand, involves very significant questions of fact that cannot be resolved from the face of the judgment: whether the victim was in fact Native American and whether the crime occurred on a reservation. Because Rule 35 is limited to legal questions surrounding the defendant's trial, conviction, and sentence, the factual issues of whether the victim was Native American and whether the crime occurred on a reservation "must be apparent from the face of the judgment and, therefore, determined before the defendant files a Rule 35 motion." *Clements*, 148 Idaho at 88, 218 P.3d at 1149. That was simply not the case here.

Indeed, the district court was only able to determine that state courts may have lacked subject matter jurisdiction after it requested additional briefing on the issue and reviewed the victim's medical and military records. The district court specifically noted that although Wolfe's counsel found evidence that the victim was Native American, "it was an arduous and expensive undertaking," and that Wolfe's prior post-conviction counsel had investigated the issue and was

unable to locate admissible evidence to support the allegation that the victim was Native American. These facts illustrate that it was not clear from the face of the judgment *before* Wolfe filed his first Rule 35 motion alleging an illegal sentence that the district court lacked subject matter jurisdiction. It is clear that the issue involves a significant question of fact, and Rule 35 is an inappropriate vehicle for making such factual determinations. Therefore, Wolfe's reliance on *Lute* and Rule 35 to invalidate his conviction due to the district court's alleged lack of subject matter jurisdiction is unavailing. We reiterate that Rule 35 motions to correct illegal sentences must be read narrowly and that courts must read *Lute* narrowly to serve such a purpose.

In summary, because Wolfe's subject matter jurisdiction claim was before the district court on two separate occasions prior to him filing his successive Rule 35 motion, and because the district court, after taking evidence, disposed of his claims on procedural grounds and Wolfe did not appeal those final judgments, we hold that res judicata bars Wolfe from re-litigating the subject matter jurisdiction issue in his second Rule 35 motion. Furthermore, Wolfe's reliance on *Lute* is unavailing, as it is not clear from the face of the judgment that Wolfe's sentence was illegal and that determination would necessarily involve significant questions of fact.

## V. CONCLUSION

For the foregoing reasons, we affirm the district court's decisions denying Wolfe's motion for a hearing on his motion for reconsideration and denying Wolfe's successive Rule 35 motion alleging an illegal sentence.

Justices EISMANN, J. JONES, HORTON and BEVAN, J., Pro tem, CONCUR.