IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42481

| | | |
|---|---|---|
| DANA LYDELL SMITH, | ) | 2015 Unpublished Opinion No. 650 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: September 30, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Randy J. Stoker, District Judge.

Order denying motions for vexatious litigation determination, to change venue, and for relief from judgment, <u>affirmed</u>.

Dana Lydell Smith, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Dana Lydell Smith appeals from a post-judgment order in a successive post-conviction action denying his motions to declare various individuals as vexatious litigants, to change venue, and for relief from judgment. We affirm.

In 2007, Smith was convicted of grand theft, Idaho Code §§ 18-2403, 18-2407, and the district court imposed a unified sentence of fourteen years with seven years determinate. This Court affirmed Smith's judgment of conviction and sentence. *State v. Smith*, Docket Nos. 35216/35604 (Ct. App. May 20, 2009) (unpublished). Smith filed his initial petition for post-conviction relief in 2008, which was summarily dismissed by the district court, and this Court affirmed the dismissal. *Smith v. State*, Docket No. 37819 (Ct. App. Nov. 14, 2011) (unpublished). In February 2011, Smith filed a successive petition for post-conviction relief,

which was also summarily dismissed. On appeal, this Court affirmed the district court's decision. *Smith v. State*, Docket No. 39705 (Ct. App. May 14, 2013) (unpublished).

In May 2014, Smith filed a second successive petition for post-conviction relief. On June 16, 2014, the district court dismissed the petition on the basis that it was untimely. On July 8, 2014, Smith filed motions to declare various individuals as vexatious litigants, to change venue, and for relief from judgment. On July 29, 2014, the district court denied these motions, collectively, in an "Order Re: Pending Motions." Smith filed a notice of appeal on August 25, 2014, raising an exhaustive list of challenges. The Idaho Supreme Court entered an order conditionally dismissing the appeal as untimely. Following a response by Smith, the Court entered an order reinstating the appeal, finding it timely only as to the "Order Re: Pending Motions" entered on July 29, 2014.

On appeal, Smith does not raise any issue as to the district court's Order Re: Pending Motions. Rather, Smith challenges the dismissal of his second successive petition for post-conviction relief from which the appeal was untimely. A timely filed notice of appeal is a jurisdictional prerequisite. *State v. Wolfe*, 158 Idaho 55, 60, 343 P.3d 497, 502 (2015) ("This Court must have appellate jurisdiction over a claim before it can be reached on the claim's merits."). Because Smith's appeal was timely only as to the Order Re: Pending Motions, this Court will not address Smith's claims relative to the dismissal of his second successive petition. Smith has failed to raise any argument to show error by the district court in denying his post-judgment motions. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (A party waives an issue on appeal if either authority or argument is lacking.).

Smith contends, in his reply brief, that the issues raised on appeal relate to the basis for his motion for relief from judgement. However, as the district court noted, an Idaho Rule of Civil Procedure 60 motion is not a substitute for appeal. *See Dustin v. Beckstrand*, 103 Idaho 780, 654 P.2d 368 (1982). Moreover, Smith does not challenge the basis for the district court's denial of the Rule 60 motion. The district court ruled:

> Smith brings an I.R.C.P. 60(b) motion, claiming "mistake, inadvertence, surprise, fraud of the court and misrepresentation of the facts." However, the allegations made and evidence presented in his motion are the same allegations and evidence that Smith has presented in his four petitions for post-conviction relief, his ten motions for a new trial, and multiple appeals. Smith has not prevailed on any of these occasions, and this motion is nothing more than a

2

disguised substitute for yet another appeal of his conviction. As such, Smith's Motion for Relief from a Judgment or Order will be denied.

In his appellant's brief, Smith does not attempt to demonstrate error in the court's holding, but merely restates the same substantive claims he has raised in his various petitions.

Accordingly, the district court's post-judgment order denying Smith's motions to declare various individuals as vexatious litigants, to change venue, and for relief from judgment is affirmed.

Judge GUTIERREZ and Judge Pro Tem LANSING **CONCUR**.