## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45991

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: January 15, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JORDAN JAMES AMUNDSEN, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Order denying I.C.R. 35 motion to correct illegal sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

Jordan James Amundsen pled guilty to battery on detention staff, Idaho Code §§ 18-903, 18-915(2)(b). The district court imposed a unified sentence of five years with two years determinate, but the sentence was suspended and Amundsen was placed on probation for four years. Thereafter, Amundsen admitted to violating the terms of his probation and the district court revoked his probation, executed the underlying sentence, and retained jurisdiction. Following the period of retained jurisdiction, the district court relinquished jurisdiction. Amundsen filed an untimely Rule 35 motion for a reduction of sentence which the district court denied. Several months later, Amundsen filed an Idaho Criminal Rule 35(a) motion for correction of an illegal sentence, asserting that his sentence is illegal because the district court

1

lacked jurisdiction to impose his sentence due to constitutional violations during sentencing. The district court denied Amundsen's motion, finding that Amundsen's sentence is not illegal. Amundsen appeals.

The alleged constitutional violations at sentencing include the failure to be advised of the Fifth Amendment right to be silent during the presentence investigation, the failure to order a neuropsychological evaluation, and the failure to redact the presentence investigation. As Amundsen acknowledges, these circumstances do not fall within the group of cases which the appellate courts have found divest the district court of subject matter jurisdiction. *State v. Wolfe*, 158 Idaho 55, 65, 343 P.3d 497, 507 (2015) (holding that an illegal sentence is one that is illegal from the face of the record, does not involve significant questions of fact, and does not require an evidentiary hearing) and *State v. Branigh*, 155 Idaho 404, 412, 313 P.3d 732, 740 (Ct. App. 2013) (holding mere judicial error does not divest a court of subject matter jurisdiction).

Furthermore, in *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. As the district court determined, the errors alleged by Amundsen do not demonstrate a sentence that is illegal from the face of the record and would involve questions of fact.

The record supports the district court's finding that Amundsen's sentence is not illegal. Therefore, the district court properly denied Amundsen's motion. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Amundsen's Rule 35 motion is affirmed.