**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45970**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 22, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| QUINN GARNER SIMMONS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Order denying I.C.R. 35 motion to correct illegal sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Quinn Garner Simmons entered an *Alford*[1] plea to aggravated battery, Idaho Code §§ 18-903(b), 18-907(a) and (b). The district court imposed a unified term of ten years with three years determinate.

Simmons filed an Idaho Criminal Rule 35(a) motion for correction of an illegal sentence, asserting that his sentence is illegal because the district court lacked jurisdiction to impose his sentence due to constitutional violations during sentencing. The district court denied Simmons' motion, finding that Simmons' sentence is not illegal. Simmons appeals.

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

The alleged constitutional violations at sentencing include the failure to be advised of the Fifth Amendment right to be silent during the presentence investigation, the failure to order a neuropsychological evaluation, and the failure to redact the presentence investigation report. As Simmons acknowledges, these circumstances do not fall within the group of cases which the appellate courts have found divest the district court of subject matter jurisdiction. *State v. Wolfe*, 158 Idaho 55, 65, 343 P.3d 497, 507 (2015) (holding that an illegal sentence is one that is illegal from the face of the record, does not involve significant questions of fact, and does not require an evidentiary hearing) and *State v. Branigh*, 155 Idaho 404, 412, 313 P.3d 732, 740 (Ct. App. 2013) (holding mere judicial error does not divest a court of subject matter jurisdiction).

Furthermore, in *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. As the district court determined, the errors alleged by Simmons do not demonstrate a sentence that is illegal from the face of the record and would involve questions of fact.

The record supports the district court's finding that Simmons' sentence is not illegal. Therefore, the district court properly denied Simmons' motion. Accordingly, we conclude no abuse of discretion has been shown and the district court's order denying Simmons' Rule 35 motion is affirmed.