**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47295**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 19, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| LARRY ALAN TAYLOR, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order denying Idaho Criminal Rule 35(a) motion to correct illegal sentences, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Larry Alan Taylor appeals from the district court's denial of his motion under Idaho Criminal Rule 35(a) to correct his allegedly illegal sentences. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKROUND**

In Taylor's underlying criminal case, he was charged with multiple counts of attempted grand theft by extortion for making a series of threatening phone calls to his daughter in which he demanded she pay him $25,000 or he would kill her mother. Idaho Code §§ 18-2403(2)(e), 18-2407(1)(a), 18-306. At issue in this case are Counts I and II, which Taylor moved to dismiss, asserting they did not allege separate and distinct acts. The court rejected this argument and

1

denied Taylor's motion to dismiss. Thereafter, Taylor entered an *Alford*[1] plea to Counts I and II, and the court imposed a unified sentence of ten years with four years determinate for Count I and a consecutive, indeterminate sentence of ten years for Count II.

Subsequently, Taylor filed a motion under Rule 35(b) to reduce his sentences. The district court granted this motion in part by reducing the sentence for Count I from four years determinate to three years determinate. Taylor appealed, and this Court affirmed Taylor's judgment of conviction and sentences. *State v. Taylor*, Docket No. 42897 (Ct. App. Dec. 3, 2015) (unpublished).[2]

Then, Taylor filed a pro se motion under Rule 35(a). Taylor argued--just as he did in support of his earlier motion to dismiss--that Counts I and II constituted a single offense and that, as a result, his sentences were illegal. The district court denied Taylor's motion, and he timely appeals.

## II.

## ANALYSIS

Mindful of the Idaho Supreme Court's decision in *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009), Taylor argues the district court erred by denying his Rule 35(a) motion to correct his allegedly illegal sentences. Specifically, Taylor argues his sentences are illegal because Counts I and II "should have been consolidated under . . . I.C. § 18-2401" as a single offense.[3] Taylor premises his argument on the assertion that when he was leaving his daughter a threatening message, "the voicemail recording automatically cut him off, [and] he

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

[2]    Taylor also filed a pro se petition for post-conviction relief, which the district court dismissed. Taylor appealed, and this Court affirmed that judgment. *Taylor v. State*, Docket No. 46771 (Ct. App. Dec. 11, 2019) (unpublished).

[3]    Idaho Code § 18-2401(1) provides that "conduct denominated theft in this chapter constitutes a single offense superceding the separate offenses previously known as embezzlement, extortion, false pretenses, cheats, misrepresentations, larceny and receiving stolen goods." Although unnecessary for purposes of our decision, we disagree with Taylor's suggestion that multiple instances of theft constitute only a single offense under I.C. § 18-2401(1).

immediately called back and continued to deliver the threatening message." In other words, Taylor argues these two threatening voicemail messages constituted only a single act.

*Clements* is dispositive of Taylor's argument. In that case, Clements pled guilty to second degree murder with a firearm enhancement and also to attempted second degree murder with a firearm enhancement. *Clements*, 148 Idaho at 83, 218 P.3d at 1144. After the district court sentenced Clements, he filed a motion under Rule 35 arguing "he was illegally sentenced for two weapon enhancements because both shootings arose from the same indivisible course of conduct." *Clements*, 148 Idaho at 83, 218 P.3d at 1144. After reviewing the preliminary hearing transcript, the district court granted Clements' motion, concluding "Clements shot both victims in rapid succession and, therefore, the crimes 'arose out of the same indivisible course of conduct.'" *Id.* at 84, 218 P.3d at 1145.

The State appealed, and the Idaho Supreme Court concluded the district court lacked authority to examine the underlying facts of Clements' case to determine whether his sentences were "illegal" under Rule 35. *Clements*, 148 Idaho at 84, 218 P.3d at 1145. The Court ruled that "the term 'illegal sentence' under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing" to determine its illegality. *Clements*, 148 Idaho at 86, 218 P.3d at 1147. The Court reasoned:

> Because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive.

*Clements*, 148 Idaho at 86, 218 P.3d at 1147. Because a determination about whether Clements' crimes arose out of the same individual course of conduct involved "a significant factual finding that the court was only able to make after reviewing testimony from the preliminary hearing," the Court held that the district court erred by granting Clements' Rule 35(a) motion. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

Just as in *Clements*, determining whether Taylor's separate threatening voicemail messages to his daughter constituted a single offense is not evident from the face of the record but, rather, would require the district court to reexamine the underlying facts or perhaps to conduct an evidentiary hearing. Accordingly, the court correctly denied Taylor's Rule 35(a)

3

motion. Moreover, Taylor's Rule 35(a) motion impermissibly seeks to reexamine the court's denial of his earlier motion to dismiss in which Taylor made the exact same argument--i.e., that his two messages constituted a single act. Rule 35 is not intended as an avenue to reexamine alleged errors occurring before the imposition of a sentence. *See State v. Wolfe*, 158 Idaho 55, 65, 343 P.3d 497, 507 (2015) ("Rule 35's purpose is to allow courts to correct illegal sentences, *not* to reexamine errors occurring at trial or before the imposition of the sentence."). For these reasons, we hold that the district court did not err by denying Taylor's Rule 35(a) motion.

## III.
## CONCLUSION

We affirm the district court's order denying Taylor's Rule 35(a) motion for correction of illegal sentences.

Chief Judge HUSKEY and Judge GRATTON **CONCUR**.

4