**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48378**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: August 13, 2021** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| TYLER SHAWN CLAPP, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Judgment of conviction for driving under the influence (second offense in fifteen years) and being a persistent violator, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

Tyler Shawn Clapp appeals from his judgment of conviction for driving under the influence (second offense in fifteen years) and being a persistent violator. Clapp argues the district court erred by denying his Idaho Criminal Rule 35(a) motion because the court imposed an illegal sentence by not authorizing mental health treatment pursuant to Idaho Code § 19-2523(2). Because the district court did not impose an illegal sentence, the court did not err by denying Clapp's Rule 35(a) motion, and the judgment of conviction is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Clapp was convicted of operating a motor vehicle while under the influence of alcohol (second offense in fifteen years) and being a persistent violator. Pursuant to I.C. § 19-2522, the district court ordered that a mental health examination be completed prior to sentencing. During

1

the sentencing hearing, the district court acknowledged the findings and recommendations of the mental health examination, stating:

> In imposing this sentence, I am aware that Mr. Clapp has a long history of depression and severe anxiety, that he is treating through the use of alcohol. I did read the recommendations of Melinda Jorgensen, the clinical neuropsychologist. I see that Mr. Clapp should have a sleep study and lots of support on supervision, clonidine, Trazodone, and vocational rehabilitation. I think those are all good and desirable things for Mr. Clapp when he gets out on parole.

The district court sentenced Clapp to fifteen years, with five years determinate. After imposing the sentence, the district court asked Clapp if he had any questions; Clapp replied, "No. I would just like to state that the treatment recommendations by Dr. Jorgensen are not available in the prison. I believe that that is it." Subsequently, Clapp filed a Rule 35 motion for reconsideration, requesting leniency in the imposed sentence. In part, Clapp argued that given the recommendations from the mental health examination and the limited programming available while incarcerated, a period of retained jurisdiction would be more appropriate. The district court denied Clapp's Rule 35 motion, but recognized the benefit for Clapp to work with the Department of Correction to receive adequate mental health care:

> Of most concern to the court in [Clapp's] memorandum is the idea that Mr. Clapp's mental health needs are not being adequately addressed. Although this is concerning to the court, it is beyond the court's power to order the Department of Correction to engage in a certain course of treatment for [Clapp]. The court hopes that Mr. Clapp and/or his counsel are able to address this with the Department.

Clapp filed a motion to excuse his counsel and proceed pro se, which the district court granted. Subsequently, Clapp filed a Rule 35(a) motion for correction of an illegal sentence. In part, Clapp alleged the district court's sentence was illegal because the mental health examination provided sufficient evidence to meet the factors delineated in I.C. § 19-2523, yet the court did not authorize mental health treatment. The district court found that it was not required to authorize treatment under I.C. § 19-2523 because it did not find clear and convincing evidence that treatment for Clapp's mental illness was necessary. Accordingly, the district court found that the sentence was not illegal and denied Clapp's Rule 35(a) motion. Clapp timely appeals.

2

## II.

## STANDARD OF REVIEW

Pursuant to Rule 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993).

## III.

## ANALYSIS

On appeal, Clapp alleges that "mindful that the district court's failure to authorize treatment under I.C. 19-2523(2) does not necessarily make the overall sentence itself unlawful," the court nonetheless erred by denying his Rule 35(a) motion. Clapp argues because the district court acknowledged that Clapp suffers from mental health issues that can be treated, it was required to authorize such treatment in its sentence. In response, the State asserts that the district court did not err in denying Clapp's Rule 35(a) motion because the court did not impose an illegal sentence.

The purpose of Rule 35(a) is to allow courts to correct illegal sentences, not to reexamine errors occurring at trial or before the imposition of the sentence. *State v. Wolfe*, 158 Idaho 55, 65, 343 P.3d 497, 507 (2015). Therefore, Rule 35(a) "only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law." *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009). The illegality of the sentence must be clear from the face of the record; Rule 35(a) motions may not involve significant questions of fact or require an evidentiary hearing. *Id.* at 87, 218 P.3d at 1148.

In the relevant part, I.C. § 19-2523 provides:

> (2) The court shall authorize treatment during the period of confinement or probation specified in the sentence if, after the sentencing hearing, it concludes by clear and convincing evidence that:
>
> > (a) The defendant suffers from a severe and reliably diagnosable mental illness or defect resulting in the defendant's inability to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law;
> >
> > (b) Without treatment, the immediate prognosis is for major distress resulting in serious mental or physical deterioration of the defendant;
> >
> > (c) Treatment is available for such illness or defect;

      (d) The relative risks and benefits of treatment or nontreatment are such that a reasonable person would consent to treatment. (of the offense charged.) [sic]

Thus, if the trial court finds clear and convincing evidence that all the factors described in subsections (a) through (d) are present, the court must authorize mental health treatment.

Here, Clapp argues "the district court was required to authorize treatment because, at the sentencing hearing, it actually acknowledged Mr. Clapp suffers from mental health issues which can be treated." This is not the standard articulated in I.C. § 19-2523. Instead, the statute provides that a trial court shall authorize treatment upon a finding by clear and convincing evidence that the relevant factors are present. In the district court, Clapp pointed to the mental health examiner's report as evidence to support the I.C. § 19-2523 factors, but on appeal Clapp does not contend that he established any of the relevant factors that would require a trial court to authorize treatment under I.C. § 19-2523. Specifically, Clapp has not established that he suffers from a mental illness that makes him unable to appreciate the wrongfulness of his conduct or conform his conduct to the requirements of law; without treatment, his immediate prognosis is for major distress that would result in serious mental or physical deterioration; or the treatment is available in prison.[1] Therefore, while the district court noted the importance of Clapp working with the Department to adequately address Clapp's mental health needs while incarcerated and supported Clapp pursuing the mental health examination's recommended treatment upon release, it ultimately did not find clear and convincing evidence to support the authorization of treatment pursuant to I.C. § 19-2523(2). Because Clapp did not establish all the necessary factors for I.C. § 19-2523(2), he cannot show from the face of the record that his sentence is illegal.

## IV.

## CONCLUSION

Clapp does not contend that he established any of the relevant factors that would require a trial court to authorize treatment under I.C. § 19-2523. Accordingly, Clapp cannot show from the face of the record that the sentence is illegal. The judgment of conviction is affirmed.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.

---

[1] In fact, Clapp conceded that one recommended treatment, the sleep study, is not available while he is incarcerated.