**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50773**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 24, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| SHANE EDWARD MARTIN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott Wayman, District Judge.

Appeal from judgment of conviction for two counts of lewd conduct with a minor under sixteen, <u>dismissed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Shane Edward Martin appeals from his judgment of conviction for two counts of lewd conduct with a minor under sixteen. We dismiss the appeal.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Martin was charged with two counts of lewd conduct with a minor under the age of sixteen and a sentencing enhancement based on a prior conviction for lewd conduct. Following a trial, the jury found Martin guilty of both counts and he admitted the enhancement. The same day the jury returned its verdict, the district court scheduled a sentencing hearing and ordered a presentence investigation report (PSI). Approximately one month later, the presentence investigator filed a letter with the district court informing it that, on the advice of his attorney, Martin refused to

1

complete the PSI questionnaire. Martin then filed a motion to continue his sentencing, arguing he needed more time to obtain a trial transcript, prepare a motion for a new trial, and have additional time to obtain a PSI. The district court denied the motion. Thereafter, the district court filed its written order denying Martin's motion for continuance. Martin appeals.

## II.

## STANDARD OF REVIEW

Whether a court lacks jurisdiction is a question of law over which this Court exercises free review. *State v. Jones*, 140 Idaho 755, 701, 101 P.3d 699, 757 (2004).

## III.

## ANALYSIS

On appeal, Martin challenges the denial of his request to continue his sentencing hearing. The State responds that the denial of Martin's request for a continuance was an interlocutory decision relative to his judgment of conviction and that, because Martin did not file a timely notice of appeal from his judgment of conviction, his appeal should be dismissed for lack of jurisdiction. In reply, Martin contends that, because the district court issued a post-judgment written order memorializing the denial of his motion to continue and because his notice of appeal is timely from that order, this Court has jurisdiction to consider the merits of his claim. We dismiss Martin's appeal as untimely.

Pursuant to I.A.R. 21, failure to file a notice of appeal with the clerk of the district court within the time limits prescribed by the appellate rules deprives the appellate courts of jurisdiction over the appeal. *See State v. Wolfe*, 158 Idaho 55, 60, 343 P.3d 497, 502 (2015) (explaining that a timely notice of appeal is a necessary prerequisite to appellate jurisdiction). Any appeal as a matter of right from the district court must be filed within forty-two days of the judgment. I.A.R. 14(a); *Wolfe*, 158 Idaho at 60, 343 P.3d at 502. Thus, Martin had forty-two days to file an appeal from his judgment of conviction (which was filed on February 10, 2023), meaning his notice of appeal must have been file-stamped no later than March 24, 2023. Martin did not, however, file his notice of appeal until March 25, 2023. As such, Martin's appeal from his judgment of conviction is untimely.

Martin seeks to avoid the jurisdictional defect in his notice of appeal vis-à-vis his judgment of conviction by arguing that his notice of appeal is timely as to the written order memorializing

2

the denial of his motion to continue sentencing, which was not entered until February 28, 2023. Although it is true Martin's notice of appeal is timely from that written order, the district court's oral ruling denying the request for a continuance was necessarily made prior to entry of the judgment of conviction and was an interlocutory decision that was appealable from the judgment of conviction. *See* I.A.R. 17(e)(1). That the district court (unnecessarily) reduced that ruling to writing after the judgment was entered did not change the interlocutory nature of the decision. If that written order controlled the appealability of the interlocutory ruling, Martin could theoretically appeal the denial of his request to continue sentencing after his judgment became final, which would make little logical or legal sense.

Because the denial of Martin's request for a continuance was an interlocutory decision made prior to entry of his judgment of conviction, Martin was required to file a timely notice of appeal from his judgment of conviction if he wished to challenge that decision on appeal. Because Martin's notice of appeal was not timely filed, this Court lacks jurisdiction to consider the merits of his claim that the district court erred in denying his motion to continue sentencing.

## IV.

## CONCLUSION

Martin failed to timely appeal from his judgment of conviction for two counts of lewd conduct with a minor under sixteen. Accordingly, we dismiss the appeal.

Judge HUSKEY and Judge TRIBE, **CONCUR**.