11 P.3d 481

STATE of Idaho, Plaintiff–Respondent,

v.

Paul Ezra RHOADES, Defendant–
Appellant.

No. 25435.

Supreme Court of Idaho,
Idaho Falls, May 2000, Term.

Sept. 18, 2000.

Rehearing Denied Oct. 24, 2000.

Nevin, Herzfeld & Benjamin, Boise, for appellant. Dennis A. Benjamin argued.

Hon. Alan G. Lance, Attorney General, Boise, for respondent. L. LaMont Anderson, Deputy Attorney General, argued.

TROUT, Chief Justice.

This is an appeal from a ruling by the district judge denying Paul Rhoades' (Rhoades) motion under Rule 35 of the Idaho Criminal Rules to correct an illegal sentence. Rhoades' motion challenges the three sentence enhancements for use of a firearm imposed as a part of Rhoades' sentences for murder, kidnapping, and robbery.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Rhoades entered a convenience store in Blackfoot, Idaho on February 28, 1987, and robbed the store clerk, Stacy Baldwin (Baldwin) at gunpoint. He then forced Baldwin into his pickup truck and drove to a secluded area where he shot Baldwin several times. Baldwin died approximately an hour and a half later.

After a jury trial, Rhoades was found guilty of first degree murder, first degree kidnapping, and use of a firearm during the commission of a felony. Rhoades was given the death sentence for the murder and kidnapping charges, and a fixed life term for the robbery charge. The district judge further provided that in the event the death sentences were commuted to life in prison or any other sentence, they would be enhanced by a fixed consecutive term of 15 years for the use of a firearm. The enhancement was also applied to the fixed life term for the robbery charge.

Following the imposition of his sentence, Rhoades filed a Rule 35 motion for correction of sentence seeking a correction of the sentence "heretofore given by providing only one sentence for weapons enhancement per

the entire transaction." The district judge denied Rhoades' motion for correction of sentence, finding "no statutory nor case law supports the defendant's position that only one sentence for weapons enhancement is allowed."

Rhoades then timely appealed his convictions, but not the district judge's denial of his Rule 35 motion for correction of sentence. This Court affirmed Rhoades' convictions, sentences and the district judge's denial of post-conviction relief in *State v. Rhoades,* 120 Idaho 795, 820 P.2d 665 (1991), *cert. denied,* 504 U.S. 987, 112 S.Ct. 2970, 119 L.Ed.2d 590 (1992).

On December 30, 1996, Rhoades filed a second I.C.R. 35 motion to correct illegal sentence, asking the court "to correct the illegal firearms enhancements imposed in this case." The district judge denied the motion, determining the three "convictions and sentences all arose from *divisible* conduct, or separate acts." (emphasis in original). This appeal followed.

## II.

## DISCUSSION

■ Both below and on appeal, the State has argued Rhoades' motion for correction of an illegal sentence under I.C.R. 35 is barred by the doctrine of res judicata because Rhoades has already filed a Rule 35 motion, had that motion denied, and failed to appeal the denial of that motion. Thus, according to the State, Rhoades is barred from bringing a subsequent Rule 35 motion addressing the same issues which were finally decided by the order denying the earlier Rule 35 motion. The question of whether an action is barred by res judicata is a question of law over which we exercise free review. *Wolfe v. Farm Bureau Ins. Co.,* 128 Idaho 398, 403, 913 P.2d 1168, 1173 (1996).

As a general matter, the doctrine of res judicata holds that " 'in an action between the same parties upon the same claim or demand, the former adjudication concludes parties and privies ... as to every matter offered and received to sustain or defeat the claim....' " *Diamond v. Farmers Group, Inc.,* 119 Idaho 146, 150, 804 P.2d 319, 323

(1990) (quoting *Joyce v. Murphy Land & Irrigation Co.,* 35 Idaho 549, 553, 208 P. 241, 242 (1922)). While this doctrine has traditionally been applied in the context of civil disputes, it is not foreign to criminal law. For example, in *State v. Beam,* 115 Idaho 208, 766 P.2d 678 (1988), *cert denied,* 489 U.S. 1073, 109 S.Ct. 1360, 103 L.Ed.2d 827 (1989), this Court applied the principles of res judicata to a criminal defendant's attempts to raise the same issues previously ruled upon on direct appeal in a subsequent petition for post-conviction relief. *Id.* at 210–11, 766 P.2d 680–81.

■ While we have never directly faced the question of whether the doctrine of res judicata can be applied to bar a subsequent Rule 35 motion after a defendant has failed to appeal an earlier motion based on the same grounds, other courts have addressed this issue. In *United States v. Kress,* 944 F.2d 155 (3rd Cir.1991), the Third Circuit Court of Appeals held that because the defendant

> failed to appeal from the ... order of the district court denying his motion with respect to the issue of the statutory rate of interest, that issue is now res judicata and Kress cannot relitigate the same issue two years later in the form of a second Rule 35 motion.

*Id.* at 161. In so holding, the Third Circuit noted it "could only decide the issue ... on this appeal if we accept Kress's conclusion that he was free to bring successive Rule 35 motions on the same issues in the district court, thereby allowing him to bypass the normal rules of appellate procedure, rather than filing a timely appeal from the order responding to his first Rule 35 motion. We cannot accept this premise." *Id.* at 162. We agree with the rationale of the of the Third Circuit and hold the doctrine of res judicata can be applied to bar consideration of subsequent Rule 35 motions to the extent those motions attempt to relitigate issues already finally decided in earlier Rule 35 motions.

■ Having decided res judicata can apply to Rule 35 motions, we now turn to the question of whether the application of the doctrine to this case bars consideration of

Rhoades present Rule 35 motion. Rhoades argues res judicata does not bar consideration of his motion because the issue he seeks to litigate in this motion is not the same issue litigated earlier. However, a review of both motions reveals this argument to be without merit. In his first Rule 35 motion, Rhoades moved "to correct the sentence heretofore given by providing only one sentence for weapons enhancement per the entire transaction...." Clearly, Rhoades was arguing he should have been given only one sentence enhancement for the entire course of events, rather than the three separate enhancements given by the trial judge. Similarly, in his current motion, Rhoades argues his sentence is illegal because he was given three separate sentence enhancements for conduct which constituted a single, indivisible course of conduct. While the two motions may be worded somewhat differently, they nevertheless encompass the same issue; namely, whether the district judge erred in giving Rhoades a separate sentence enhancement for each crime for which he was convicted, rather than a single sentence enhancement for his entire course of conduct. Thus, Rhoades is now seeking to relitigate the same issue already decided by the district judge and not appealed by Rhoades. Therefore, because consideration of the present motion is barred by the doctrine of res judicata, we affirm the order of the district judge denying Rhoades' Rule 35 motion to correct an illegal sentence, albeit on different grounds than those used by the district judge.

### III.

### CONCLUSION

For the foregoing reasons, we affirm the order of the district judge denying Rhoades' I.C.R. Rule 35 motion to correct an illegal sentence.

Justices SILAK, SCHROEDER, WALTERS and KIDWELL concur.