**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42166**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 707 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 13, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| PRESTON ADAM JOY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction and unified ten-year sentence with nine years determinate for felony domestic battery, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Preston Adam Joy appeals from the district court's judgment of conviction and unified ten-year sentence with nine years determinate for felony domestic battery. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Joy and his wife, Jennifer, were involved in a domestic dispute. The State charged Joy with second degree kidnapping, domestic battery, and penetration by a foreign object. The district court held a preliminary hearing in which Jennifer testified about the altercation and the manner in which the offenses were allegedly committed. After a jury trial, the jury was hung on the second degree kidnapping charge, but convicted Joy of the felony domestic battery charge and acquitted him of the penetration by a foreign object charge. Before the district court could retry the second degree kidnapping charge, Joy entered a conditional guilty plea, reserving the

1

right to appeal the court's pretrial, trial, and post-trial rulings. Joy appealed, and the Idaho Supreme Court vacated Joy's judgment of conviction and remanded the case for a new trial on all the charges. *State v. Joy*, 155 Idaho 1, 304 P.3d 276 (2013). Before the second trial, the State sought to amend the information by removing the penetration by a foreign object charge. The amended information was otherwise the same as the information in the first trial. Joy objected to the motion to amend on due process grounds, but the district court granted the motion.

At the second trial, Jennifer testified that Joy became physically abusive during an argument about Joy texting a former girlfriend and the location of his keys and cell phone. According to Jennifer, the altercation began in the couple's bathroom where Joy pushed her into a cold tub of water, dunked her head in the water, pulled her hair, hit her face, took off her clothes, and tied her wrists to her left ankle. Jennifer testified that Joy then left the room, came back, gagged her with a washcloth, dragged her to his pickup, put her in his pickup, and hit and kicked her. She further testified that Joy drove his pickup to a remote part of the property, hit and kicked her, pulled her hair, and threatened to tie her to a tree unless she told him where his keys and phone were. According to Jennifer, she then falsely told him that she would tell him where his keys and phone were, and the altercation ended.

Joy's account of the altercation during his case-in-chief was markedly different. Joy testified that Jennifer was intoxicated and she initiated the physical violence. According to Joy, he used his arms to block Jennifer's attacks and defended himself by kicking at her. He testified that despite his efforts to defend himself, Jennifer struck him in the face with her knee and stomped on and kicked him. He further testified that he shoved her to escape and left the house, but Jennifer followed him and tripped and fell off the deck. Then, according to Joy, she charged at him and he threw her over a fence and down an embankment. Joy testified that he then left in his pickup and when he returned, Jennifer voluntarily got into his pickup with him and after he moved the pickup away from the house, convinced him not to leave.

On cross-examination, Joy stated that Jennifer injured his mouth and legs in their altercation. However, he also stated that bruising and swelling from these injuries did not appear until after he was booked into jail and he did not tell the booking officer about the injuries. Joy did not offer any further evidence of the injuries on redirect. During the State's rebuttal, the State called the booking officer who testified that Joy told the officer that he was not injured. The booking officer testified that booking procedures require officers to note any signs of injury

to arrestees, and the officer did not observe any sign of Joy's alleged injuries. Joy sought to offer surrebuttal evidence that he had an unrelated back injury at booking that he did not reveal to the booking officer. According to Joy, his failure to disclose the back injury showed he was not engaged in the booking process which explained his failure to disclose the injuries allegedly inflicted by Jennifer. The district court excluded the proffered surrebuttal evidence.

After the second trial, the jury convicted Joy of the felony domestic battery charge and acquitted him of the second degree kidnapping charge. Joy timely appeals.

## II.

## ANALYSIS

Joy argues the State's amended information did not provide sufficient notice to comply with due process. He also claims the district court abused its discretion by excluding his proffered surrebuttal evidence. Finally, he argues the district court erred by failing to give the jury an instruction that it must unanimously agree on the facts giving rise to the domestic battery.

### A. Sufficiency of the Amended Information

Joy argues the amended information did not provide sufficient notice of the facts giving rise to the domestic battery charge or the means by which he committed the alleged crime, thus depriving him of due process. Idaho's felony domestic battery statute borrows the three-part definition of battery from Idaho Code § 18-903. *See* I.C. § 18-918(2)(a). Because the amended information did not specify which part of I.C. § 18-903 the State charged Joy under, Joy asserts the amended information did not provide sufficient notice to comply with due process. Joy claims the lack of notice prejudiced him because the State did not supplement the amended information and Joy implied he would have conducted his defense differently if the amended information had specified which part of I.C. § 18-903 the State charged him under.

The sufficiency of an information is a question of law over which we exercise free review. *State v. Jones*, 140 Idaho 41, 46, 89 P.3d 881, 886 (Ct. App. 2003). To be legally sufficient, an information must impart jurisdiction and satisfy due process. *State v. Severson*, 147 Idaho 694, 708, 215 P.3d 414, 428 (2009). Joy challenges the amended information's sufficiency only on due process grounds. Due process requires an information to be "specific enough to ensure that the defendant has a meaningful opportunity to prepare his defense and to protect the defendant from a subsequent prosecution for the same act." *Id.* at 709, 215 P.3d at 429. However, "a defendant generally cannot be prejudiced by the absence of specific details in

3

the information when those details are either already known to the defendant or are provided to him by means other than the information, such as through preliminary hearing testimony." *Jones*, 140 Idaho at 46, 89 P.3d at 886.

The district court held that the manner in which the amended information charged the domestic battery offense did not prejudice Joy. The court reasoned that Joy's preliminary hearing and first trial gave him notice of the facts underlying the domestic battery charge and the means by which he committed the alleged crime. Thus, the court could not "locate even a shred of prejudice to the defense." While the amended information could have been more specific, Joy was fully apprised of the facts underlying the domestic battery charge and the means by which he committed the alleged crime. The district court held a preliminary hearing where Jennifer testified about the altercation and the manner in which the crimes were allegedly committed. Further, the evidence presented in the first jury trial informed Joy, in detail, of the facts underlying the domestic battery charge and the means by which he committed the alleged crime. Thus, the district court properly held that Joy was not prejudiced by the manner in which the amended information charged the domestic battery offense. Joy has not alleged, and the record does not show, that the State pursued new theories for the domestic battery charge in Joy's second trial. Thus, the State was not required to supplement the amended information, and the preliminary hearing, prior trial, and amended information apprised Joy of the facts he needed to meaningfully prepare his defense in the second trial.[1]

## B.  Exclusion of Surrebuttal Evidence

Joy argues the district court abused its discretion when it excluded his proffered surrebuttal evidence. After the State's rebuttal, Joy sought to offer surrebuttal evidence that he

---

[1]  In addition, as the State claims and the appellant concedes, res judicata bars a challenge to the sufficiency of the amended information. The issue of whether a claim is barred by res judicata is a question of law over which we exercise free review. *State v. Rhoades*, 134 Idaho 862, 863, 11 P.3d 481, 482 (2000). The doctrine of res judicata bars relitigation between the same parties on the same claim. *Hindmarsh v. Mock*, 138 Idaho 92, 94, 57 P.3d 803, 805 (2002). Res judicata bars "not only subsequent relitigation of a claim previously asserted, but also subsequent relitigation of any claims relating to the same cause of action which were actually made or which might have been made." *Id.* The amended information charged the domestic battery offense in the same manner as the information filed in Joy's first trial. Joy did not challenge the sufficiency of the information filed in his first trial. Because Joy might have challenged the sufficiency of the information in his first trial but did not do so, we agree that res judicata precludes challenging the sufficiency of the amended information here.

had an unrelated back injury at booking that he did not reveal to the booking officer. Joy asserts that he offered this evidence to show he "had injuries when he was booked into jail, thereby counteracting the State's rebuttal evidence that he did not have any injuries when he was booked." Joy claims the evidence of his back injury properly counteracted the State's rebuttal evidence, and the district court therefore improperly refused to allow his surrebuttal evidence.

We review the district court's decision to exclude surrebuttal evidence for an abuse of discretion. *See State v. Moses*, 156 Idaho 855, 867, 332 P.3d 767, 779 (2014). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). Rebuttal and surrebuttal evidence "explains, repels, counteracts, or disproves evidence which has been introduced by or on behalf of the adverse party. The mere fact that testimony might well have been presented during [a party's] case in chief does not, by itself, make it inadmissible for rebuttal" or surrebuttal. *Moses*, 156 Idaho at 867, 332 P.3d at 779 (citations and internal quotation marks omitted). However, rebuttal and surrebuttal evidence must be responsive to evidence presented by the opposing party. *Id.*

The district court held the proper time to present evidence of Joy's back injury was during Joy's case-in-chief and not surrebuttal because the evidence was not responsive to the State's rebuttal evidence. We agree. On cross-examination during Joy's case-in-chief, Joy alleged that he had injuries that existed before booking by testifying that Jennifer had injured his mouth and legs in their altercation, bruising and swelling from these injuries did not appear until after booking, and he did not tell the booking officer about the injuries. The State rebutted the existence of Joy's alleged injuries at booking by calling the booking officer, who testified that (1) Joy told the officer he was not injured, (2) booking procedures required the officer to note any signs of injury on Joy, and (3) the officer did not observe any sign of Joy's alleged injuries at booking. Joy then sought to offer surrebuttal evidence that he had an unrelated back injury at booking that he did not reveal to the booking officer.

Evidence of Joy's back injury was not responsive to the State's rebuttal evidence. Only the second and third portions of the booking officer's testimony actually rebutted Joy's

5

testimony. The second and third portions of the booking officer's testimony asserted that Joy's alleged altercation injuries did not exist at booking, thus rebutting Joy's testimony that his alleged injuries did exist at booking. The first portion of the booking officer's testimony merely restated what the State had already elicited from Joy during his case-in-chief (i.e. that he did not tell the booking officer about his alleged injuries). Because evidence of Joy's back injury would have addressed only his failure to disclose his alleged injuries to the booking officer (evidence initially presented during Joy's case-in-chief), the evidence would not have responded to the State's rebuttal evidence showing Joy's alleged altercation injuries did not exist at booking. Thus, Joy's case-in-chief (not surrebuttal) was the proper place for the district court to admit the evidence, if at all, and the court did not abuse its discretion by excluding Joy's proffered surrebuttal evidence.

Furthermore, Joy's argument that evidence of his back injury counteracts "the State's rebuttal evidence that he did not have any injuries when he was booked" is without merit. The State's rebuttal evidence was not presented to show Joy did not have *any* injuries at booking, but to show he did not have injuries *inflicted by Jennifer* at booking; thereby rebutting Joy's claims that Jennifer injured him before booking. While Joy correctly points out that evidence of his back injury would show he had an injury when he was booked, the evidence does not show he had injuries inflicted by Jennifer at booking and therefore is neither relevant nor responsive to the State's rebuttal evidence.

## C.    Failure to Give Unanimity Instruction

Joy argues the district court erred when it failed to instruct the jury that it must unanimously agree on the facts giving rise to the domestic battery offense. Joy made no contemporaneous objection to the court's failure to give a unanimity instruction at trial. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the

6

defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

Joy argues the court's failure to give the unanimity instruction violated his unwaived constitutional right to due process. Further, he claims that the court's failure to give the unanimity instruction prejudiced him because "there is no way to tell how many jurors believed Mrs. Joy's testimony on the events in the bathroom while not believing her testimony on the events in the truck, or vice versa."

We first address whether the court's failure to give the unanimity instruction violates one or more of Joy's unwaived constitutional rights. Whether a jury has been properly instructed is a question of law over which we exercise free review. *Severson*, 147 Idaho at 710, 215 P.3d at 430. When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *See id.*

> Under Idaho law, a trial court is required to instruct the jury that it must unanimously agree on the defendant's guilt in order to convict the defendant of a crime. An instruction that the jury must unanimously agree on the facts giving rise to the offense, however, is generally not required.

*Id.* at 711, 215 P.3d at 431 (citations omitted). Such an instruction is required, however, when a defendant commits several temporally discrete acts, each of which involves "distinct union[s] of *mens rea* and *actus reus*" and "independently support[s] a conviction for the crime charged." *Id.* The question in this case, then, is whether Joy's course of conduct constituted a single offense or multiple offenses.

Joy claims that, according to Jennifer's version of the events, "at least two discrete acts occurred." At trial, Jennifer testified that the altercation began in the couple's bathroom where Joy pushed her into a cold tub of water, dunked her head in the water, pulled her hair, hit her face, took off her clothes, and tied her wrists to her left ankle. Joy asserts that these acts were motivated by Joy's anger arising from the couple's argument. Jennifer testified that Joy then left the room, came back, gagged her with a washcloth, dragged her to his pickup, put her in the pickup, and hit and kicked her. She further testified that Joy drove the pickup to a remote part of the property, hit and kicked her, pulled her hair, and threatened to tie her to a tree unless she told him where his keys and phone were. Joy asserts that these acts were motivated by a desire to

locate his keys and phone. According to Joy, the acts in the bathroom were removed in time and place and had distinct motivations from the acts in the pickup, so they each support a conviction for domestic battery. Thus, Joy asserts the district court should have instructed the jury that it must unanimously agree on the facts giving rise to the domestic battery.

We are not convinced that the violent acts in the bathroom were separate and distinct offenses from the violent acts in the pickup. Jennifer's testimony only reflects a continual course of conduct that was initiated by Joy and continued until Jennifer agreed to tell him the location of his keys and cell phone. Her testimony suggests that the acts occurred in succession, with each act precipitating and motivating the next act. Although there was a brief interruption while Joy retrieved a washcloth, Jennifer's testimony suggests that Joy likely conceived this act while he was still in the bathroom and deliberately carried out the act without delay or change in motivation. The record does not demonstrate that Joy spent a discernable amount of time out of the room or that his motivations suddenly changed when he left the room. Further, while the acts in the bathroom were spatially removed from the acts in the pickup, Jennifer testified that the acts in the pickup occurred immediately after Joy gagged her in the bathroom and dragged her naked body to the pickup. Thus, Jennifer's testimony shows that Joy's acts constituted a continual course of conduct with almost no temporal separation, beginning in the bathroom, continuing through the bedroom doors, going into the yard, and ending in Joy's pickup.

Further, Jennifer's testimony reflects that there was no clear point at which Joy began to focus on locating his keys and cell phone. Rather, the whole argument seemed to focus both on Joy texting a former girlfriend and the location of his keys and cell phone. Thus, the record does not show that the acts in the bathroom and the acts in the pickup had distinct motivations.

Finally, Joy's version of the events also reveals a continual course of conduct. Joy testified that Jennifer was intoxicated and she initiated the physical violence. According to Joy, he used his arms to block Jennifer's attacks and defended himself by kicking at her. He testified that despite his efforts to defend himself, Jennifer struck him in the face with her knee and stomped on and kicked him. He further testified that he shoved her to escape and left the house, but Jennifer followed him and tripped and fell off the deck. Then, according to Joy, she charged at him and he threw her over a fence and down an embankment. Like Jennifer's testimony, Joy's testimony reflects that the events occurred in succession with each act precipitating and motivating the next act. Therefore, based on the record, we conclude that the underlying acts

8

were not separated by discernible time periods, but instead occurred one after another from one place to the next; thus, the entire altercation constituted one continual course of conduct resulting in one criminal offense. Accordingly, the district court did not violate Joy's right to due process by failing to give a unanimity instruction.

Because the district court's failure to give the unanimity instruction did not violate any of Joy's unwaived constitutional rights, there was no fundamental error and we need not address the last two prongs of the *Perry* analysis.

### III.

### CONCLUSION

The State's amended information did not prejudice Joy, the district court did not abuse its discretion by excluding Joy's proffered surrebuttal evidence, and the district court did not err by failing to give the jury a unanimity instruction. Joy's judgment of conviction and sentence is affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.