IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 43473

| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 467 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 5, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JAMES WEST-EATON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Appeal from order relinquishing jurisdiction, dismissed; appeal from order denying I.C.R. 35 motion for reduction of sentence, dismissed.

Sara B. Thomas, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

James West-Easton pled guilty to an amended charge of sexual abuse of a child under the age of sixteen years. I.C. § 18-1506(1)(b). In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced West-Eaton to a unified term of seven years, with a minimum period of confinement of three years, but retained jurisdiction for 180 days. West-Eaton's judgment of conviction and order retaining jurisdiction was filed on July 1, 2009. On December 31, 2009, the district court entered an order extending its jurisdiction for an additional fourteen days. On January 13, 2010, the district court entered another order extending its

1

jurisdiction for an additional eight weeks. On March 5, 2010, the district court again extended its jurisdiction until May 17, 2010. On April 6, 2010, the district court entered an order suspending West-Eaton's sentence and placing him on probation.

West-Eaton violated the terms of his probation and, in November 2014, the district court revoked probation, ordered execution of the original sentence, but again retained jurisdiction. On June 25, 2015, the district court relinquished jurisdiction. West-Eaton filed an I.C.R 35 motion, which the district court denied. West-Eaton appeals, claiming that the district court erred in relinquishing jurisdiction and in denying West-Eaton's Rule 35 motion for reduction of his sentence.

We consider first the state's argument that West-Eaton cannot obtain relief because the district court had no jurisdiction to extend West-Eaton's participation in the rider program. The district court retained jurisdiction for 180 days on July 1, 2009, pursuant to I.C. § 19-2601(4) (2004). The district court's jurisdiction expired on December 28, 2009, and West-Eaton automatically came under the control of the Department of Correction. *See State v. Petersen*, 149 Idaho 808, 31, 121 P.3d 961, 962 (Ct. App. 2010). Because the district court lost jurisdiction on December 28, 2009, all subsequent proceedings in West-Eaton's case would have been a legal nullity. *See Petersen*, 149 Idaho 808, 811, 241 P.3d 981, 984 (Ct. App. 2010). Although the district court entered several orders extending its jurisdiction, it was required to do so before the 180-day period of retained jurisdiction expired. The district court entered its first extension order on December 31, 2009, (three days after it lost jurisdiction). Any attempt to place a defendant on probation after the expiration of the statutorily authorized review period is void. *State v. Taylor*, 142 Idaho 30, 31-32, 121 P.3d 961, 962-63 (2005).

Citing *State v. Wolfe,* 158 Idaho 55, 343 P.3d 497 (2015), West-Eaton argues that res judicata bars the state's claim that the district court lacked jurisdiction to extend the period of retained jurisdiction. West-Eaton points out that the state did not appeal from the district court's December 31, 2009, order or from other orders entered thereafter, all of which were entered without jurisdiction. *Wolfe*, however, is distinguishable. In *Wolfe*, the question of the court's jurisdiction was raised in a Rule 35 motion and again in a petition for post-conviction relief. In both cases, the district court denied relief on procedural grounds. On appeal, the Supreme Court held that, even if the dismissal of Wolfe's claims on procedural grounds was erroneous, Wolfe

was entitled to appeal from those decisions and bring forward his preserved jurisdictional claim. Having failed to do so, his jurisdictional claim was barred by res judicata. Here, the jurisdictional claim was not raised until the state filed its brief in this appeal. The doctrine of res judicata bars relitigation of issues that have been previously decided in an action between the same litigants. *See State v. Rhoades*, 134 Idaho 862, 863, 11 P.3d 481, 482 (2000); *State v. Beam*, 115 Idaho 208, 210-11, 766 P.2d 678, 680-81 (1988). The issue of whether an action is barred by res judicata is a question of law over which we exercise free review. *Rhoades*, 134 Idaho at 863, 11 P.3d at 482. The question of the district court's jurisdiction has not previously been raised or decided. Therefore, the claim is not barred by res judicata.

The district court was without jurisdiction to place West-Easton on probation or grant his Rule 35 motion for reduction of sentence. Therefore, the appeals from the orders of the district court relinquishing jurisdiction and denying West-Eaton's Rule 35 motion are dismissed.