IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 44069

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 679** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: September 13, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **RICHARD J. HIBBERT,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

Order denying Idaho Criminal Rule 35 motion to correct an illegal sentence, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Richard J. Hibbert pled guilty to lewd conduct with a minor child under sixteen, Idaho Code § 18-1508. The district court sentenced Hibbert to a determinate life sentence.

At issue in this appeal is Hibbert's third Idaho Criminal Rule 35 motion for correction of an illegal sentence, asserting that his determinate life sentence is illegal from the face of the record because it was in conflict with *Blakely v. Washington*, 542 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Hibbert received a determinate life sentence without the possibility of parole. Hibbert asserts the sentence violated his Sixth Amendment right. Specifically, he claims that a life sentence is the most he can receive under Idaho law for his

1

crime. The district court denied the motion, concluding that Hibbert's sentence was legal from the face of the record and was permitted by the applicable statute. The State asserts that the motion is barred by the doctrine of res judicata.

Hibbert filed an I.C.R. 35 motion for correction of an illegal sentence in 2012 asserting the same claim as made in the instant matter. This Court affirmed the district court's denial of the motion. *State v. Hibbert*, Docket No. 40088 (Ct. App. Feb. 19, 2013) (unpublished). Hibbert filed a second Rule 35 motion for correction of an illegal sentence in 2015, asserting the same claims. The district court denied the motion, and Hibbert did not appeal. That decision became final before Hibbert filed the instant motion. The doctrine of res judicata bars relitigation of issues that have been previously decided in a final judgment or decision in an action between the same litigants. *See State v. Rhoades*, 134 Idaho 862, 863, 11 P.3d 481, 482 (2000). In *Rhoades*, the Idaho Supreme Court held that "the doctrine of res judicata can be applied to bar consideration of subsequent Rule 35 motions to the extent those motions attempt to relitigate issues already finally decided in earlier Rule 35 motions." *Id*. The claims made by Hibbert that his sentence is illegal are barred by res judicata.

Hibbert's claims are also without merit. The Idaho Supreme Court as held in *State v. Stover*, 140 Idaho 927, 104 P.3d 969 (2005) that *Blakely* and *Apprendi* do not have an impact on Idaho's sentencing scheme and that I.C. § 18-1508 authorizes imprisonment for a term of not more than life for lewd conduct. The Supreme Court has also held in *State v. Cross*, 132 Idaho 667, 978 P.2d 227 (1999) that a determinate life sentence for a lewd conduct conviction is legal.

The district court's order denying Hibbert's Rule 35 motion is affirmed.