# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44967

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 431** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: April 20, 2018** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **DANA LYDELL SMITH,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Randy J. Stoker, District Judge.

Order denying motion to correct an illegal sentence, <u>affirmed</u>.

Fyffe Law; Robyn Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Dana Lydell Smith appeals from the district court's order denying his motion to correct an illegal sentence under Idaho Criminal Rule 35(a). We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2007, a jury found Smith guilty of grand theft, Idaho Code § 18-2407(1). Smith received a unified sentence of fourteen years with seven years determinate. This Court affirmed Smith's judgment of conviction and sentence in an unpublished opinion. *State v. Smith*, Docket Nos. 35216 and 35604 (Ct. App. May 20, 2009). In 2015, Smith filed a motion for correction of an illegal sentence pursuant to I.C.R. 35 and a request for appointment of counsel. Smith also filed a motion for a new trial. In both motions, Smith claimed his conviction and sentence were illegal because the district court did not order a mental health evaluation to ensure Smith was competent. The district court denied Smith's motions, holding that they were

1

untimely. This Court affirmed the denial of Smith's motions in an unpublished opinion. *State v. Smith*, Docket Nos. 42962 and 42963 (Ct. App. April 11, 2016).

On January 23, 2017, Smith filed another Rule 35 motion to correct an illegal sentence, asserting that after he was determined to be incompetent he was sentenced in violation of various statutory provisions. Smith also filed a motion for appointment of counsel and a motion for judicial notice. The district court entered an order taking judicial notice of the requested documents and denying the motion to correct an illegal sentence and motion for appointment of counsel. The district court concluded that the Rule 35 motion lacked merit and the motion for appointed counsel "is frivolous and would not be pursued by a person with adequate means to employ counsel." Smith filed a motion for reconsideration and a motion to disqualify the district judge. The district court denied these motions without a hearing. Smith timely appeals.

## II.

## ANALYSIS

Smith argues that the district court erred when it denied Smith's Rule 35(a) motion to correct an illegal sentence. Pursuant to Rule 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993).

Smith asserts that his sentence is illegal and in violation of due process because the district court failed to follow the statutorily mandated procedures after ordering a competency evaluation under I.C. § 18-211. The State first asserts that Smith's motion is barred by the doctrine of res judicata. We agree. The doctrine of res judicata bars relitigation of issues that have been previously decided in an action between the same litigants. *See State v. Rhoades*, 134 Idaho 862, 863, 11 P.3d 481, 482 (2000); *State v. Beam*, 115 Idaho 208, 210-11, 766 P.2d 678, 680-81 (1988). The issue of whether an action is barred by res judicata is a question of law over which we exercise free review. *Rhoades*, 134 Idaho at 863, 11 P.3d at 482.

Smith previously asserted that his sentence is illegal because he was incompetent at the time of sentencing. Smith argues that the instant appeal presents a different question than that addressed by this Court in the appeal of his initial Rule 35 motion. We disagree. In Smith's memorandum in support of his I.C.R. 35 motion, he stated:

This is a motion to correct an illegal sentence which violates Idaho statute. This Motion is brought pursuant to Idaho Criminal Rule 35(a). The District Court illegally imposed a sentence first because Defendant was never restored to competency (2) Second, the Court never order[ed] a competency hearing pursuant to I.C. 18-212(1) which is required after a determination of incompetency. The illegality of the sentence is apparent from the face of the record because Judge John Melanson ordered a psychological examination but Judge Barry Wood never ordered a competency hearing after Dr. Richard Smith determined that Defendant was incompetent on May 2, 2007. Therefore, the Defendant was sentenced while he was incompetent.

In his supporting memorandum, Smith reaffirmed that he contends his sentence is illegal because he was found to be incompetent, and was not returned to competence when he was sentenced.

In the appeal of the denial of Smith's initial Rule 35(a) motion, this Court explained, "Smith asserts that his sentence is illegal because it was imposed after he was found incompetent and without Smith having been reevaluated to determine whether he had gained competence." *Smith*, Docket Nos. 42962 and 42963 at 5. Further, we noted that, "[c]ontrary to Smith's assertion, it is not clear from the face of the record that he was incompetent at the time of his sentencing." *Id.* We concluded:

This record suggests that Smith had [a] personality disorder, not a serious mental illness, and does not establish that he was incompetent at the time of his sentencing hearing, which occurred more than two and one-half years after the May 2007 evaluation. Rather, whether Smith was incompetent at that time is, at best, an unresolved factual issue that may not be resolved on a Rule 35(a) motion. It follows that Smith's sentence is not "illegal from the face of the record," *see* [*State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009)], and the district court did not err in denying Smith's Rule 35 motion.

*Smith*, Docket Nos. 42962 and 42963 at 5. Thus, because we have previously ruled that Smith's claim that he was incompetent when he was sentenced is a matter that may not be resolved on a Rule 35(a) motion, he is precluded by principles of res judicata from presenting that issue in the present Rule 35(a) motion.

Smith's motion fails for several other reasons. Smith's argument on appeal changes the issue argued in the district court from whether he was incompetent at the time he was sentenced to whether the district court complied with statutory procedural requirements. Issues not raised below will not be considered for the first time on appeal. *State v. Adams*, 138 Idaho 624, 628, 67 P.3d 103, 107 (Ct. App. 2003). Next, Smith's argument plainly does not qualify as a claim of an illegal sentence under Rule 35(a). Because the sentence imposed is, on its face, not in excess of the maximum sentence allowable, the sentence is not illegal. *State v. Clements*, 148 Idaho 82,

3

84, 218 P.3d 1143, 1145 (2009). Finally, Smith's claim that the district court failed to comply with statutory requirements in sentencing Smith is a claim that his sentence was imposed in an illegal manner, not that the sentence is illegal. Under the version of Rule 35(b) in effect at the time Smith filed his motion, a claim that a sentence was imposed in an illegal manner must be brought within 120 days after the filing of a judgment of conviction.[1] Smith's Rule 35 motion was untimely under Rule 35(b).

### III.

### CONCLUSION

Smith has not shown his sentence is illegal. The district court's order denying Smith's I.C.R. 35(a) motion to correct an illegal sentence is affirmed.

Judge GUTIERREZ and Judge LORELLO **CONCUR**.

---

[1] Effective July 1, 2017, Idaho Criminal Rule 35(b) was amended to eliminate the language "The court may correct a sentence that has been imposed in an illegal manner within the time provided herein for the reduction of sentence." Although the title of the current version of the rule still references sentences imposed in an illegal manner, the substance of the rule does not include the illegal manner language used in the prior version of I.C.R. 35(b).