**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47701**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 9, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BRANDON E. SAVAGE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Davis F. VanderVelde, District Judge.

Order denying motion to quash sex offender registration requirement, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Brandon E. Savage appeals from the district court's order denying his motion to quash his sex offender registration requirement. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2007, Savage pled guilty to possession of sexually exploitative material, Idaho Code § 18-1507A. The district court imposed a unified sentence of ten years with a minimum period of confinement of three years, suspended the sentence, and placed Savage on probation. Savage was required to register as a sex offender for his conviction. Following a post-conviction proceeding, Savage was resentenced to a unified sentence of ten years with a minimum period of confinement of three years and placed on probation for ten years commencing from the date of the original

1

judgment. Savage violated probation and the district revoked probation and ordered execution of the original sentence.

Savage filed an Idaho Criminal Rule 35 motion for reduction of sentence which the district court denied. Savage subsequently filed three I.C.R. 35 motions for correction of an illegal sentence, all of which were denied by the district court. As pertinent to this appeal, the third I.C.R. 35 motion for correction of an illegal sentence alleged that Savage's sentence was illegal because the section of the Idaho Code under which he was convicted had since been repealed and replaced. *Savage v. State*, Docket No. 45131 (Ct. App. Mar. 5, 2018) (unpublished).

In 2016, Savage filed a second petition for post-conviction relief which was later withdrawn without prejudice. Thereafter, Savage filed a third petition for post-conviction relief again alleging "that his conviction was illegal because the Idaho Code section under which he was convicted was repealed and amended and no longer applie[d] to him." *Id*. The State filed a motion to summarily dismiss Savage's petition arguing, in part, that the doctrine of res judicata barred Savage's claim. The district court granted the State's motion. On appeal, this Court affirmed the district court's judgment dismissing Savage's petition concluding that his claim failed on the merits and under the doctrine of res judicata. Specifically, this Court stated:

> The district court correctly found that in the instant petition for post-conviction relief, Savage attempts to raise the same issues previously ruled upon in his third Rule 35 motion. Savage did not appeal the denial of his third I.C.R. 35 motion. Therefore, res judicata applies and Savage cannot reassert such claims in this post-conviction petition.

*Id*.

In 2019, Savage filed the present motion to quash the requirement that he register as a sex offender. Savage argued that he should not be required to register as a sex offender because the offense that he pled guilty to was repealed and replaced. The district court denied Savage's motion to quash, stating:

> As explained in the order denying Mr. Savage's third motion pursuant to Idaho criminal Rule 35, the order dismissing his Canyon County post-conviction case CV-2016-10012, and the subsequent appeal thereof, *Savage v. State*, No. 45131, 2018 WL 1149283 (Idaho Ct. App. Mar. 5, 2018), the crime of possession of sexually exploitive material for other than a commercial purpose has not ceased to exist, it has simply been incorporated into I.C. § 18-1507. The plain language of I.C. § 18-8304 clearly requires registration as a sex offender for a conviction of sexual exploitation of a child under I.C. § 18-1507, which includes Mr. Savage's conviction for possession of sexually exploitative material.

Savage timely appeals.

2

## ANALYSIS

Mindful of controlling authority, Savage argues that the district court erred by denying his motion to quash the requirement that he register as a sex offender. Savage claims that he should not be required to register as a sex offender and his motion should have been granted because the statute which Savage was convicted of violating, I.C. § 18-1507A, was subsequently repealed by the Idaho Legislature and no longer applies to him. In response, the State argues that Savage's claim is barred by the doctrine of res judicata and even if it is not, Savage's claim fails on the merits. We agree with the State.

The doctrine of res judicata bars relitigation of issues that have been previously decided in an action between the same litigants. *See State v. Rhoades*, 134 Idaho 862, 863, 11 P.3d 481, 482 (2000); *State v. Beam*, 115 Idaho 208, 210-11, 766 P.2d 678, 680-81 (1988). The issue of whether an action is barred by res judicata is a question of law over which we exercise free review. *Rhoades*, 134 Idaho at 863, 11 P.3d at 482.

As set forth above, Savage's argument has been previously decided both by the district court in Savage's third I.C.R. 35 motion and by this Court on appeal from Savage's third petition for post-conviction relief. First, Savage filed his third I.C.R. 35 motion and argued that his sentence was illegal because the statute under which he was convicted was repealed. The district court denied Savage's motion and Savage did not appeal that decision. Second, Savage filed a petition for post-conviction relief, again arguing that his sentence was illegal because I.C. § 18-1507A was repealed and replaced and no longer applied to him. The district court dismissed Savage's petition, and on appeal, this Court stated:

> Savage alleges that his conviction and sentence was illegal because I.C. § 18-1507A, the section under which he was convicted, was repealed and replaced following his conviction. Specifically, in 2012 the Idaho State Legislature repealed I.C. § 18-1507A and amended § 18-1507 to include the information previously contained in I.C. § 18-1507A. A new I.C. § 18-1507A was then passed, establishing a crime of sexual exploitation of a child by electronic means which Savage argues does not pertain to him. However, the record demonstrates that the district court already decided this issue as a result of Savage's third I.C.R. 35 motion. In denying the motion, the district court determined that Savage's conviction was valid because he was convicted pursuant to a statute in effect both at the time he committed the act at issue and at the time of his conviction. The district court further determined that the crime for which Savage was convicted, possession of sexually exploitative material, remains a crime in the state of Idaho

and the penalty remains unchanged. Further, that the legislature's amendment of I.C. §§ 18-1507 and 18-1507A does not result in an improper ex post facto law.

We agree with the district court. The current law continues to encompass the act for which Savage was convicted [.] . . .

The district court correctly found that in the instant petition for post-conviction relief, Savage attempts to raise the same issues previously ruled upon in his third Rule 35 motion. Savage did not appeal the denial of his third I.C.R. 35 motion. Therefore, res judicata applies and Savage cannot reassert such claims in this post-conviction petition. Further, for those same reasons as stated above, Savage's petition for post-conviction relief does not give rise to the possibility of a valid claim.

*Savage*, Docket No. 45131 (footnotes omitted).

As illustrated, Savage has already made this claim on multiple occasions, and the claim has been ruled upon and has previously been determined to have been barred by the doctrine of res judicata. Nonetheless, Savage presents an identical argument in the form of a motion to quash. Like his claim that his sentence is illegal, Savage's present claim that he is not subject to the sex offender registration requirements relies upon the same previously rejected premise that the legislative amendment resulted in him not being subject to the criminal statute. We again conclude that Savage's argument is barred by the doctrine of res judicata.

Moreover, while Savage has repackaged his claim for relief from his conviction and sentence to relief from registration requirements, he acknowledges making his arguments "mindful" of contrary controlling authority. First, he acknowledges *Ellenwood v. Cramer*, 75 Idaho 338, 345, 272 P.2d 702, 706 (1954), in which the Court held:

> [W]here a statute is repealed and all of its provisions are at the same time re-enacted, such re-enactment is an affirmance of the old law so that the provisions of the repealed act which are thus re-enacted, continue in force without interruption and all rights and liabilities incurred thereunder are preserved and may be enforced.

This is what the district court correctly held and Savage, though he argues that the amended version of the statute encompasses more conduct, fails to show that it does not still encompass the conduct for which he was convicted. Second, as to Savage's suggested ex post facto application, he is also mindful of this Court's decision in *State v. Gragg*, 143 Idaho 74, 78-79, 137 P.3d 461, 465-66 (Ct. App. 2005), in which we concluded that the sex offender registration act and its effects are not punitive and do not violate the ex post facto prohibition of the Idaho Constitution. The district court did not err in denying the motion to quash.

4

### III.

### CONCLUSION

The district court's order denying Savage's motion to quash his sex offender registration requirement is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.